# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

PAUL DIXON LEWIS,

    Plaintiff,

v.

CRC WARDEN, et al.,

    Defendants.

Case No. CV 18-6937 CJC (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

The Court denies Plaintiff's request to proceed <u>in forma pauperis</u> and dismisses this action without leave to amend.

\* \* \*

1. Plaintiff is a state prisoner. He was convicted and sentenced on rape and kidnapping charges in California in 1990. He is currently housed in a prison in Nevada.

2. The current action is styled as a civil rights action. The named defendants are the prison warden, the lawyers involved in his underlying criminal case, and the directors of the state departments of corrections in California and

Nevada. The final paragraph of the case-commencing pleading requests the award of one million dollars for each year he was illegally imprisoned.

3. However, the complaint obviously presents a request for habeas corpus relief. The gist of the pleading is "a claim challenging an illegal / unauthorized sentence that was imposed by the sentencing court" in 1990. (Complaint at 3.) The pleading later expressly states that "the question to be decided by a federal court on petition for writ of habeas corpus" involves the constitutional review of his state court sentence. (Id. at 3A.) Further, a fair reading of the lengthy document and its exhibits does not reveal a cognizable civil rights claim against any potentially culpable party.

4. Construing the matter as a habeas corpus action, then, this is Mr. Lewis's fourth habeas case in this Court. Petitioner previously was denied habeas relief in this court over a decade ago. (Lewis v. Woodward, No. CV 05-3792 CJC (MAN) (C.D. Cal.).) A second action was dismissed for failure to maintain an updated mailing address with the Court. (Lewis v. Byrne, No. CV 17-3957 CJC (MRW) (C.D. Cal.).) The third action was dismissed as successive, procedurally barred, and untimely under AEDPA. (Lewis v. Byrne, No. CV 17-6412 CJC (MRW) (C.D. Cal.).) The Ninth Circuit Court of Appeals denied a certificate of appealability after the conclusion of his most recent action. (Docket # 9-10.)

\* \* \*

5. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary

dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

6. Mr. Lewis's fourth habeas action is subject on its face to summary dismissal. As explained in the decision dismissing his most recent federal case, this action is successive. He presented a habeas action in 2005 to this Court. Federal law prohibits a state prisoner from filing successive habeas actions after that without advance permission from the United States Court of Appeals. 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

7. The current habeas petition is not accompanied by a statement of permission from the Court of Appeals and is successive. Moreover, the Ninth Circuit denied review of his last action raising the same sentencing issue – and presenting the same successive-petition defect. The action must be dismissed under Section 2244(b).

Accordingly, for the above reasons, this action is DISMISSED without prejudice and without leave to amend. Fed. R. Civ. P. 41(b). To avoid an unnecessary deduction from this prisoner's account, the request for IFP status is DENIED.

IT IS SO ORDERED.

Dated: August 20, 2018

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE